1
2
3
4
5
6
7
8           **IN THE UNITED STATES DISTRICT COURT**

9           **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    HARRY DARNELL LAWS,                    No. CIV S-09-2182-MCE-CMK-P

12                    Petitioner,

13           vs.                             <u>FINDINGS AND RECOMMENDATIONS</u>

14    MIKE KNOWLES,

15                    Respondent.

16    _____/

17           Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18    habeas corpus pursuant to 28 U.S.C. § 2254.   Pending before the court is Respondent's motion

19    to dismiss the petition on the grounds that it is untimely (Doc. 13).  Petitioner filed an opposition,

20    Respondent filed a reply, and Petitioner filed an additional reply.

21

22           I.      **MOTION TO DISMISS**

23           Rule 4 of the Rules Governing Section 2254 Cases allows a district court to

24    dismiss a petition if it "plainly appears from the petition and any attached exhibits that the

25    petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing

26    Section 2254 Cases.  The Ninth Circuit has allowed respondents to file a motion to dismiss in

1  lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being

2  in violation of the state's procedural rules.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th

3  Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state

4  remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural

5  grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp.

6  1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss

7  after the court orders a response, and the Court should use Rule 4 standards to review the motion.

8  See Hillery, 533 F. Supp. at 1194 & n.12.  The petitioner bears the burden of showing that he has

9  exhausted state remedies.  See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

10          Respondent brings this motion to dismiss Petitioner's federal habeas corpus

11  petition as filed beyond the one-year statute of limitations, pursuant 28 U.S.C. § 2244(d).

12          The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a

13  one-year statue of limitations on habeas corpus petitions filed by state prisoners in federal court.

14  See 28 U.S.C. § 2244(d)(1).  "State prisoners . . . whose convictions became final prior to

15  AEDPA's enactment, had a one-year grace period in which to file their petitions."  Patterson v.

16  Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (citing Calderon v. United States Dist. Ct. (Beeler),

17  128 F.3d 1283, 1286 (9th Cir. 1997).  This grace period expired on April 24, 1997.  See id. at

18  1247.

19          Respondent avers, and Petitioner does not contend otherwise, that Petitioner's

20  conviction was final on November 1, 1990.  As this was prior to the enactment of AEDPA,

21  petitioner is entitled to the additional grace period discussed above.  His petition challenging his

22  conviction was therefore required to be filed on or before April 24, 1997.  His current petition

23  was not filed in this court until August 7, 2009.  Therefore, absent any available tolling,

24  Petitioner's current challenge to his conviction would be barred by the statute of limitations.

25  / / /

26  / / /

1    The statute of limitations period is tolled for the time a properly filed application

2    for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be

3    "properly filed," the application must be authorized by, and in compliance with, state law.  See

4    Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S. Ct. 2 (2007); Pace v.

5    DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a

6    state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions

7    and the failure to comply with those time limits precludes a finding that the state petition is

8    properly filed).  A state court application for post-conviction relief is "pending"during all the

9    time the petitioner is attempting, through proper use of state court procedures, to present his

10   claims.  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  It is not, however, considered

11   "pending" after the state post-conviction process is concluded.  See Lawrence v. Florida, 549

12   U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari

13   petition to the Supreme Court was pending).  In addition, where the petitioner unreasonably

14   delays between state court applications, there is no tolling for that period of time.  See Carey v.

15   Saffold, 536 U.S. 214 (2002).  If the state court does not explicitly deny a post-conviction

16   application as untimely, the federal court must independently determine whether there was undue

17   delay.  See id. at 226-27.

18        There is no tolling for the interval of time between post-conviction applications

19   where the petitioner is not moving to the next higher appellate level of review.  See Nino, 183

20   F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001).  There is also no

21   tolling for the period between different sets of post-conviction applications.  See Biggs v.

22   Duncan, 339 F.3d 1045 (9th Cir. 2003).  Finally, the period between the conclusion of direct

23   review and the filing of a state post-conviction application does not toll the limitations period.

24   See Nino, 1983 F.3d at 1006-07.

25   / / /

26   / / /

3

Here, Petitioner is challenging his 1990 conviction and sentence.  Respondent contends Petitioner has filed thirteen post conviction collateral challenges, the first in 1993 and the latest in 2007.  The first two of Petitioner's state court petitions were filed prior to the enactment of AEDPA.  The statute of limitations under AEDPA had not started as of the time the California Supreme Court denied his second petition.  The statute of limitations period therefore started with the passage of AEDPA, giving Petitioner until April 25, 1997 to file his petition.  His third petition was filed on April 25, 1997.  However, providing Petitioner the benefit of the mailbox rule, he signed the petition on April 17, 1997.  Therefore, as of the time of filing his third petition, 357 days of the one year grace period had expired.  This third petition was then denied on May 29, 1997.  Petitioner filed his fourth petition on June 13, 1997.  Respondent argues that Petitioner was not entitled to any tolling following the denial of his third petition because his fourth petition was denied as untimely.

However, assuming for the moment that Petitioner was entitled to statutory tolling during the pendency of his fourth petition, that petition was denied by the California Supreme Court on November 25, 1997.  Petitioner waited almost two years before filing another petition, and on October 6, 1999, he filed a fifth petition in the San Joaquin County Court.  The undersigned finds there are two reasons why this is insufficient.  A lapse of almost two years is an unreasonable delay between state court applications, and therefore no tolling is available for that period of time.  See Carey v. Saffold, 536 U.S. 214.  In addition, Petitioner received a denial from the California Supreme Court in 1997, then went back to the San Joaquin County Court to file a successive petition.  Tolling only applies where the petitioner is moving to the next higher appellate level of review.  See Nino, 183 F.3d at 1006-07.  Therefore, no tolling was available to Petitioner, following the denial of his fourth petition on November 25, 1997.  Petitioner had eight days left of his one year grace period to file his federal habeas petition.  However, he waited almost 12 years before filing his petition in this court.  Therefore, the statute of limitations has long since past, and his petition is untimely.

Petitioner does not contest the dates set out in Respondent's motion.  Rather, he responds that his petition should not be dismissed because he is claiming actual innocence, and so AEDPA does not apply.  He also appears to be claiming some new evidence supports his actual innocence claim, and provides the court with two declarations.  One of these declarations, which Petitioner appears to based his arguments on, is dated July 2, 2003.  The other, which appears to be supportive of the first, is dated June 4, 2009.

To the extent Plaintiff claims AEDPA's statute of limitations period should not apply to this case due to his actual innocence claim, the Ninth Circuit has recently determined no such exception is available.  See Lee v. Lampert, – F.3d –, 2010 WL 2652505, at *7 (9th Cir. July 6, 2010) ("Consequently, we conclude that there is no Schlup actual innocence exception to override AEDPA's statute of limitations.").  In addition, the new evidence he claims supports his actual innocence claim appears to have been known to him since 2003.  Even assuming that his eleventh state court petition, which was filed August 11, 2003, raised this issue and would support his argument for tolling, he fails to explain the lapse of time between the September 5, 2003, denial of that petition, and the filing of his twelfth petition on May 9, 2007.  Again, a delay of almost four years between the filing of his state petitions is certainly an unreasonable delay, and no tolling would be available for that period of time.

Therefore, the undersigned finds that Petitioner failed to file his federal petition within the statue of limitations.  Petitioner had until April 24, 1997, in which to file a timely challenge to his convictions.  Assuming he was entitled to statutory tolling from April 17, 1997 through November 25, 1997, the statute of limitations expired on December 3, 1997.  His current petition was not filed until August 7, 2009, and is untimely.

## II.   CONCLUSION

Based on the foregoing, the undersigned recommends Respondent's motion to dismiss (Doc. 13) be granted.

/ / /

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

 DATED: July 27, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE